UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE ESTATE OF AMILIANA SANCHEZ,
By HUGH LEFERVE as Personal Representative,

        Plaintiff,　　　　　　　　　　　Case No. 1:20-cv-11685

v.　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　United States District Judge
OFFICERS MATHEW CARPUS, JULIAN
GUEVARA, TYLER WILLIAMSON,
DESHAWN HARRIS, and ISAAC BABINSKI,
in their person and official capacities,

        Defendants.
_____/

**ORDER DIRECTING PARTIES TO ISSUE SUBPOENA**

On October 29, 2021, the parties submitted a stipulated order requesting this Court to subpoena the Michigan Department of Corrections ("MDOC") to produce recordings of numerous phone conversations. This Court directed the parties to show cause why they did not issue a subpoena for the records. ECF No. 48. The parties responded. ECF Nos. 50; 51. For the reasons stated hereafter, the parties' will be directed to issue a subpoena to the MDOC.

The parties have demonstrated the evidentiary significance of the recordings they seek. *See generally* ECF No. 50.

The parties have also responded that the MDOC rejected a subpoena for "recordings from an MDOC prisoner" that was "signed by counsel of record." *See id.* at PageID.522–23. The parties elaborate that Plaintiff's counsel later sought a subpoena signed by the undersigned with which the MDOC apparently complied. *See id.* The parties assert they are "not aware of any change in policy or approach that the MDOC has had regarding production of recordings absent a subpoena signed by the presiding judge." *Id.* at PageID.523. And the parties conclude that because the

MDOC denied one such subpoena in 2012, it will likely happen again. *See id.*; ECF No. 52-3 at PageID.502–06.

On December 1, 2015, the MDOC issued a new Policy Directive regarding subpoenas. Mich. Dep't of Corr., Policy Directive 02.01.102, (effective Dec. 1, 2015) https://www.michigan.gov/documents/corrections/02_01_102_507130_7.pdf [https://perma.cc/JB4G-WBJD]. Policy Directive 02.01.102 states that "[a]ny subpoena . . . to produce documents . . . shall immediately be brought to the attention of the Litigation Section via the local Litigation Coordinator prior to compliance to receive instructions on how to proceed." *Id.* at ¶ V. Moreover, in 2019, the MDOC received a new litigation manager, Mr. Brandon Waddell.

Granted, the MDOC might have rejected subpoenas signed by attorneys in the past. But there is no record evidence that the MDOC has rejected such a subpoena since the issuance of the 2015 Policy Directive or the 2019 appointment of the new litigation manager. The parties are understandably concerned about wasting "additional time and resources litigating the matter that could delay discovery in this case." ECF No. 50 at PageID.523. But they have yet to attempt to issue the subpoena themselves, which is subject to contempt for noncompliance whether signed by this Court or the attorneys in this case. FED. R. CIV. P. 45(g). The parties' concern about a failed FOIA request is similarly unpersuasive.

Out of respective for the legislature's intent, comity, and the principles of federalism, the State should be given an opportunity to comply with a subpoena signed by an attorney before this Court intervenes. *See* FED. R. CIV. P. 45(a)(3); *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (holding that the federal courts have no license to issue advisory opinions); *cf. Coleman v.*

*Thompson*, 501 U.S. 722, 722 (1991), *modified*, *Martinez v. Ryan*, 566 U.S. 1 (2012); *United States v. Asakevich*, 810 F.3d 418, 420–421 (6th Cir. 2016) (citing U.S. CONST. art. III, § 2).

Accordingly, it is **ORDERED** that Plaintiff and Defendants are **DIRECTED** to issue a subpoena to the MDOC pursuant to Federal Rule of Civil Procedure 45(a)(3).

Dated: November 22, 2021                     s/Thomas L. Ludington
                                                                                              THOMAS L. LUDINGTON
                                                                                              United States District Judge