IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE ESTATE OF AMILIAN SANCEZ, by
Hugh LeFevre, as Personal Representative,
Plaintiffs
    Plaintiff,

v.

OFFICERS JULIAN GUEVARA,
TYLER WILLIAMSON,
DESHAWN HARRIS and IASAC
BABINSKI, (in their official
capacities)

    Defendants.
_____/

Case No. 1:20-CV-11685

Honorable Thomas L. Ludington

GREWAL LAW PLLC
BY: SCOTT WEIDENFELLER (P56001)

GURRAJAN GILL (P80511)
Attorneys for Plaintiffs
345 Cody St., 3rd Fl
Northville, MI 48167
(517) 393-3000
sweidenfeller@4grewal.com
ggill@4grewal.com

COLLISON & COLLISON
BY: ANDREW C. COLLISON (p51356)
DANIEL G. COLLISSON (P36168)
Attorneys for Claimants Rudy Sanchez,
Abrahm Sanchez & Alena Sanchez
5811 Colony Dr,. North, PO Box 6010
Saginaw, MI 48608-6010
(989) 799-3033
dgc@saginaw-law.com
acc@saginaw-law.com

SMITH BOVILL, P.C.
By: ANDREW D. CONCANNON (P49336)
Attorneys for Claimant John Drake
200 St. Andrews Road
Saginaw, MI 48638
(989) 792-9641
aconcannon@smithbovill.com

GIAMARCO MULLINS & HORTON,P.C.
BY: JOHN C. CLARK (P51356)
Attorneys for Defendants
101 W. Big Beaver Rd.
Troy, MI 48084
(248) 457-7000
jclark@gmhlaw.com

SWARTZ & WILSON, PLC
By: JOHN J. SWARTZ, JR (P41639)
Attorneys for Debra Lewis, Alleigh
Renshaw, Kayleigh Renshaw and
Grayceigh Renshaw, a minor
4371 State Street
Saginaw, MI 48603
(989) 793-7000
john@swartzandwilson.com
_____/

# "OBJECTIONS" OF CLAIMANTS DEBRA LEWIS, ALLEIGH RENSHAW, KAYLEIGH RENSHAW AND GRAYCEIGH RENSHAW, a minor

NOW COME Claimants, Debra Lewis, Alleigh Renshaw, Kayleigh Renshaw and Grayceigh Renshaw, a minor, and hereby object to a distribution awarding any less sums than those recommended by the Personal Representative of the Estate of Amilian Sanchez, deceased, Hugh R. LeFevre and further state:

All of the listed claimants listed herein are related to the decedent child, Amiliana Sanchez by and through Lindsey Drake, mother of the decedent, who also tragically died alongside Amiliana in an automobile accident on June 24, 2016. For purposes of this summary the claimants collectively may hereinafter be referred to as the "Drake Claimants" (acknowledging that the grandfather, John Drake is separately individually represented) It is the position of these claimants from the "Drake side" that the Personal Representative's proposed distribution was fair and equitable within the meaning of the Michigan Wrongful Death Statute, (MCL

600.2922) and accurately reflected the loss of companionship of each of the claimants. That being stated, the Drake Claimants believe that in the face of the now competing claims by numerous eligible claimants that the Court should now in fact award additional sums to themselves based upon the Court's analysis of expected testimony to be adduced at an upcoming hearing.

The Court noted in its December 23, 2024, Order Adjourning Settlement Approval Hearing and Directing Supplemental Briefing and Objections that Michigan courts take a totality-of-the-circumstances approach based upon 5 factors:

1. The living situation of each claimant, placing particular emphasis on whether any claimant lived or resided with the deceased;

2. The amount of time each claimant spent with the deceased;

3. The amount of care each claimant provided for the deceased;

4. The quality of personal relationships had with the deceased;

5. The amount of time or expenses each claimant contributed towards the deceased's burial or funeral, and whether each claimant attended the deceased's funeral.

It is expected that after the hearing the Court will minimally hear testimony from the Drake Claimants as follows:

- Amiliana was born February 21, 2024, and died June 26, 2024, one day shy of 18 weeks.
- Amiliana and her parents lived at her mother, Lyndsay Drake's residence where all the "female" Drake Claimants resided in her grandmother's home (Debra Lewis).
- Rudy Sanchez also lived at said residence for 12 of the 18 months of Amiliana's life at which time Debra Lewis "kicked him out" because of his incorrigibility. (Ironically, the Personal Representatives recommended split/shares between the Sanchez siblings and the Drake siblings was 33% and 66% respectfully)
- Lyndsey Drake elected to "go with" Rudy when he was kicked out.
- "Go with" Rudy in the sense that Lyndsey still was almost daily spending daytime hours at the house with her mother and other three children but otherwise sleeping elsewhere for the last 6 weeks of her life.
- The longest Lyndsay was gone from Debra Lewis' residence from the time Rudy was kicked out was 3 days and that was only on one occasion.
- Amiliana was frequently left overnight at Debra Lewis' residence during the last 6 weeks of her short life.

- The three Drake siblings, Alleigh, Kayleigh and Lyndsey were home schooled and spent a vast portion of Amiliana's life with her.
- The Drake siblings played with baby Amiliana.
- The Drake siblings and grandmother doted on Amiliana.
- The Drake claimants assisted in feeding, bathing, diaper changing and otherwise general care of their beloved sister.
- To the knowledge of the Drake Claimants the Sanchez claimants had virtually no contact and may have only seen Amiliana the day she was born for a short period of time and possibly at a baby shower.
- Testimony will be adduced at the hearing that after Rudy was kicked out that he and Lyndsey were living with Lyndsey's lifelong friend, Crystal Hernandez, not Sanchez family residences up until the last two weeks of Ameliana's life.
- It is expected that much of the testimony from the Sanchez claimants will be fabricated and not otherwise credible.

WHEREFORE, the Drake Claimants respectfully request this Honorable Court to enter an award which is fair and equitable to all claimants.

DATED: January 17, 2025

SWARTZ & WILSON, PLC

S/ John J. Swartz, Jr (P41639)
4371 State Street
Saginaw MI 48603
(989)793-7000